1   BRIAN J. STRETCH (CSBN 163973)
    Acting United States Attorney

2
    KYLE F. WALDINGER (ILSB 6238304)
3   Assistant United States Attorney

4   450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
5   Telephone: (415) 436-6830
    Facsimile: (415) 436-7234

6
    Attorneys for Plaintiff
7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11   UNITED STATES OF AMERICA,        )        No. CR 08-0237 MHP
                                      )
12           Plaintiff,               )
                                      )        STIPULATED INTERIM
13      v.                            )        PROTECTIVE ORDER
                                      )
14   DAVID NOSAL and                  )
     BECKY CHRISTIAN,                 )
15                                    )
             Defendants.              )
16   _____)

17          WHEREAS during the course of discovery in the above-captioned criminal case, the

18   United States may produce in discovery documents and items containing information that it

19   considers to be confidential and proprietary information or "trade secret" information (within the

20   meaning of 18 U.S.C. § 1839(3)) belonging to Korn/Ferry International, David Nosal, Nosal

21   Partners, or other entities; and

22          WHEREAS the United States and the defendants David Nosal and Becky Christian deem

23   it appropriate to provide for the protection of such information, with the understanding that

24   nothing in this Stipulated Interim Protective Order constitutes any agreement or creates any

25   presumption regarding whether the specific information is, in fact, confidential or proprietary

26   information or a trade secret; with the understanding that nothing in the Stipulated Interim

27   Protective Order shall be deemed to serve as a basis or precedent regarding the appropriateness

28   of a protective order with respect to materials that may be subpoenaed from third parties in the

     STIPULATED INTERIM PROTECTIVE ORDER
     CR 08-0237 MHP

1    future by the defendants David Nosal and Becky Christian; and preserving the defendants David
2    Nosal's and Becky Christian's rights to challenge any such designation at a later time; and

3         WHEREAS the United States and the defendants David Nosal and Becky Christian wish
4    to be able to begin the process of the defendants David Nosal and Becky Christian and their
5    respective counsel becoming familiar with the specific information, the United States and the
6    defendants David Nosal and Becky Christian have agreed to the issuance of a protective order,
7    with the understanding that this Stipulated Interim Protective Order may be subsequently
8    modified in such a way as the United States and the defendants David Nosal and Becky Christian
9    may agree, or in the absence of such agreement, as the Court may order, accordingly,

10        IT IS HEREBY STIPULATED AND AGREED by and between the United States and the
11   defendants David Nosal and Becky Christian, and their respective counsel, that the following
12   definitions and procedures will govern the designation and handling of documents, materials, and
13   other items produced by the United States to the defendants David Nosal and Becky Christian,
14   while reserving for a future time the question of how such materials and information shall be
15   handled at trial, and during pre- or post-trial hearings.

16        1.    Definitions:

17        a.    "Confidential Material" shall mean information that the United States contends is
18   intended to be kept secret, is confidential or proprietary information, or is a trade secret within
19   the meaning of 18 U.S.C. § 1839(3), with the "understanding" set forth in the second paragraph
20   above.

21        b.    "Discovery Material" shall mean all materials produced or disclosed by the United
22   States during discovery in this case.

23        c.    The "Parties" shall refer to the United States and the defendants David Nosal and
24   Becky Christian.

25        2.    The United States may designate Discovery Material as Confidential Material to
26   the extent that the United States believes in good faith that the information or material is or may
27   be Confidential Material as defined in ¶ 1(a) above. Whenever possible, the United States shall
28   indicate whether particular items of Discovery Material are being designated as Confidential

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

2

Material at the time that the Discovery Material is produced. Because much of the documentary evidence has already been stamped "Confidential" by third parties or by the United States for other purposes, and because the United States may not agree that such materials are Confidential Material, the United States will identify in writing the Bates number ranges of documentary evidence that it contends are Confidential Material. Computer memory storage materials such as diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Confidential Material shall be labeled on the outside of the media as "CONFIDENTIAL." The United States shall maintain unlabeled, or "clean," copies of any Discovery Material that it has labeled "CONFIDENTIAL" under this Stipulated Interim Protective Order for the future use by the parties in subsequent proceedings.

3. In addition to the defendants and their respective counsel, Confidential Material produced by the United States may be disclosed only to members and employees of each defense counsel's law office (including attorneys, interpreters, paralegals, and secretarial, stenographic, and clerical employees, as well as any investigators retained by the defense) who are working on this case under the direction of that defendant's counsel. This prohibition does not extend to the defense's showing of Confidential Material to witnesses, provided that those witnesses do not retain the Confidential Material. In the event that the defendants or their respective counsel wish to consult or retain an expert regarding these materials, the procedure for doing so is addressed in paragraph 10 of this Stipulated Interim Protective Order. All such material shall be used solely for the purpose of conducting pre-trial, trial and appellate proceedings in this case and for no other purposes whatsoever, and shall not be used for the economic benefit of the defendants David Nosal and/or Becky Christian or for the benefit of any third party. Any motions that contain exhibits or attachments containing any of the material designated as Confidential Material need not be filed under seal, except that the exhibits or attachments shall be filed under seal. The standard procedures for filing a document under seal shall apply.

4. Before any Confidential Material produced by the United States may be made available to anyone OTHER THAN an individual described in ¶ 3, counsel for the defendants David Nosal and Becky Christian must provide written notice ("Notice of Intent to Disclose") at

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

3

1    least seven business days in advance to the United States. Once an objection is made, the party
2    seeking disclosure shall have five business days to respond. If no agreement is reached by the
3    United States and the defendants David Nosal and/or Becky Christian within five additional
4    business days, the United States may apply to the Court for appropriate relief, with copies of such
5    motion being served on counsel for the respective defendant. Any such application or supporting
6    document shall be filed under seal. The United States may include as an attachment to such a
7    motion an explanation by Korn/Ferry International (or other appropriate entity) articulating any
8    concerns that that entity may have with the disclosure of confidential and proprietary information
9    or "trade secret" information. Once an objection has been made, no Confidential Material may
10    be disclosed to the individual unless and until the objection has been resolved or ruled upon by
11    the Court.

12    5.    The recipient of any Confidential Material that is provided under this Stipulated
13    Interim Protective Order shall keep such information in a manner reasonably intended to preserve
14    and maintain the confidentiality of the information and shall not disclose such information to any
15    individuals except as authorized by this Stipulated Interim Protective Order.

16    7.    At the conclusion of the above-captioned case (including any post-trial
17    proceedings such as an appeal or a habeas petition), the defendants David Nosal and Becky
18    Christian and their counsel agree to either destroy or return all Confidential Material to the
19    United States, except as otherwise directed by the Court.

20    8.    Nothing herein shall prevent the defendants David Nosal and Becky Christian
21    from using the Confidential Material or from referring to it or reciting from any information
22    contained in such Confidential Material in connection with pleadings or motions filed in this
23    case, provided that such materials shall be filed under seal and/or submitted to the Court for in
24    camera inspection. The use of Confidential Material at trial or pre- or post-trial hearings will be
25    resolved at or before the time of the trial or hearing.

26    9.    Should the defendants David Nosal and/or Becky Christian dispute the propriety
27    of any designation of Discovery Material as Confidential Material, the defendant or defendants
28    shall serve notice in writing on the United States. Within seven business days of receiving the

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

4

notice, the United States shall respond to the notice in writing. If, after seven days from the date the response is served, the United States and the defendant or defendants are unable to resolve their dispute, either the United States or the respective defendant may apply to the Court to do so. Any such dispute or pendency of such motion shall not be grounds for a refusal to produce Discovery Material. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the Discovery Material should be treated as Confidential Material and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial discovery, the defendants and their counsel may choose not to formally challenge the United States' designation of certain material as confidential at this stage of the proceedings. Such a failure to challenge the confidential designation does not constitute a waiver on the defendants' part of either the ability to challenge that confidential designation or the ability to contest that certain portions of designated confidential material constitute "trade secret" information under 18 U.S.C. § 1839(3).

10.     At such time that the respective defense teams retain an expert or experts to assist in reviewing the Confidential Material and preparing for trial, any such expert shall execute an Acknowledgment, which shall be submitted to the Court ex parte and in camera. The United States will not be provided with a copy of the Acknowledgment(s) signed by the expert(s), and the identity of the expert(s) shall not be disclosed except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure. The United States retains the right to request that the Court authorize such disclosure. Nothing in this paragraph relieves the defendants of the discovery obligations contained in Federal Rule of Criminal Procedure 16(b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation.

11.     Korn/Ferry International is not a party to the above-captioned case. Where this Stipulated Interim Protective Order requires the service of notice on an opposing party, this requirement does not include the service of notice on Korn/Ferry or any other third party.

12.     By signing and agreeing to this Stipulated Interim Protective Order, no party shall

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

5

1  be deemed to have conceded that any material has been properly designated as Confidential

2  Material or that such material constitutes confidential and proprietary information or a trade

3  secret within the meaning of 18 U.S.C. § 1839(3). Moreover, failure of a party to designate

4  Discovery Material as Confidential Material at the time of production shall not be deemed a

5  waiver of the party's ability to argue at a later time that the Discovery Material in fact is

6  confidential and proprietary or a trade secret.

7        13.    Nothing in this Stipulated Interim Protective Order shall preclude either party

8  from applying to the Court for further relief or modification. The parties' agreement to enter into

9  this Stipulated Interim Protective Order at this time is for the purpose of pretrial discovery and is

10 not a concession by the defendants David Nosal and Becky Christian that the terms contained

11 herein would be appropriate should the case proceed beyond that stage.

12       14.    Nothing in this Stipulated Interim Protective Order shall prevent disclosure

13 beyond the terms of this Stipulated Interim Protective Order if all parties consent in writing to

14 such disclosure, or if such disclosure is ordered by the Court.

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

6

1    15.    Willful violation of this Stipulated Interim Protective Order may be punishable by

2    contempt of court, whatever other sanction the Court deems just, or any sanctions or

3    combinations of sanctions which are legally available.

4    IT IS SO STIPULATED.

5    DATED: *May 19, 2008*                      BRIAN J. STRETCH
                                                Acting United States Attorney
6

7

8                                              KYLE F. WALDINGER
                                               Assistant United States Attorney
9

10   IT IS SO STIPULATED.

11   DATED:  5-19-8

12                                             STEVEN M. BAUER
                                               DANIELLE A. LACKEY
13                                             Attorneys for the defendant Becky Christian

14   IT IS SO STIPULATED.

15   DATED: 5-19-8

16                                             BECKY CHRISTIAN
                                               Defendant
17   IT IS SO STIPULATED.

18   DATED: May 19, 2008

19                                             STEVEN F. GRUEL
                                               Attorney for the defendant David Nosal
20

21   IT IS SO STIPULATED.

     DATED: May 19, 2008
22                                             DAVID NOSAL
                                               Defendant
23

24   IT IS SO ORDERED.

25   DATED: May 20, 2008

26                                             THE HONORABLE MARILYN HALL PATEL
                                               United States District Judge
27

28

     STIPULATED INTERIM PROTECTIVE ORDER
     CR 08-0237 MHP

                                    7

## ACKNOWLEDGMENT OF STIPULATED INTERIM

## PROTECTED ORDER IN:

## UNITED STATES v. DAVID NOSAL AND BECKY CHRISTIAN

## CR 08-0237 MHP

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in United States v. David Nosal and Becky Christian, No. CR 08-0237 MHP, has read, understands, and agrees to the terms of the Stipulated Interim Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED:

_____
Signature

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

STIPULATED INTERIM PROTECTIVE ORDER
CR 08-0237 MHP

8