| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
|   |     Steven M. Bauer (State Bar No. 135067) |
| 2 | 505 Montgomery St., Suite 1900 |
|   | San Francisco, California 94111-2562 |
| 3 | Telephone: (415) 391-0600 |
|   | Facsimile: (415) 395-8095 |
| 4 | |
| 5 | HILL & ROBBINS, PC |
|   |     John F. Walsh (State Bar No. 135530) |
| 6 | 1441 18th Street, Suite 100 |
|   | Denver, Colorado |
| 7 | Telephone: (415) 391-0600 |
|   | Facsimile: (415) 395-8095 |
| 8 | Attorneys for Defendant Becky Christian |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0237-MHP |
| Plaintiff, | **DEFENDANT BECKY CHRISTIAN'S OPPOSITION TO DEFENDANT NOSAL'S MOTION TO RECUSE GOVERNMENT COUNSEL** |
| v. | |
| DAVID NOSAL and BECKY CHRISTIAN | The Honorable Marilyn Hall Patel |
| | Courtroom: 14 |
| Defendants. | Date: November 16, 2008 |
| | Time: 11:00 a.m. |

Defendant Becky Christian, by and through her attorneys of record, Steve Bauer of Latham & Watkins, LLP, and John Walsh of Hill & Robbins, PC, hereby opposes the motion of Defendant David Nosal to Recuse Government Counsel.

I.   INTRODUCTION AND FACTUAL SUMMARY

On October 15, 2008, Defendant David Nosal filed his Motion to Dismiss Indictment and To Recuse Government Counsel (the "Nosal Motion"). Defendant Becky Christian files this opposition to that portion of the Nosal Motion that seeks to disqualify Assistant United States

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. CR-08-0237-MRP
OPPOSITION OF DEFENDANT CHRISTIAN TO
MOTION TO RECUSE GOVERNMENT COUNSEL

1   Attorney (AUSA) Kyle Waldinger from representing the United States in this matter.[1]

2   During a portion of the investigative stage of this case, Defendant Nosal was represented
3   by the San Francisco office of Cooley Godward Kronish, LLP (Cooley).  Included in the team of
4   Cooley lawyers representing Nosal was Joseph Russionello.  Sometime in 2006, long before the
5   indictment in this matter, Mr. Nosal replaced the Cooley firm and Mr. Russionello with his
6   current counsel, Mr. Steven Gruel, along with Mr. Robert Leslie of McInerney & Dillon, PC in
7   Oakland, California.  Over a year later, on Nov. 15, 2007, Mr. Russionello was appointed United
8   States Attorney for the Northern District of California.   This appointment raised the conflict
9   issue that forms the basis for Defendant Nosal's effort to dismiss the indictment and to force the
10  recusal of AUSA Kyle Waldinger.

11  Although Ms. Christian is not privy to all facts surrounding the efforts undertaken by the
12  Department of Justice and the U.S. Attorney's Office to "wall off" Mr. Russionello from this
13  matter, the record clearly establishes that Mr. Russionello was in fact "walled off."   The
14  indictment in this matter was handed down on April 10, 2008, over the signatures of AUSA
15  Brian Stretch as "Acting U.S. Attorney," and AUSA Waldinger.  Mr. Russionello's name has not
16  appeared on the pleadings filed by the U.S. Attorney's Office in this case.

17  To the contrary, as the Nosal Motion itself describes, the Department of Justice identified
18  the conflict issue and has taken continuing steps to ensure Mr. Russionello's complete separation
19  from this matter.  Effective August 5, 2008, the Department announced the recusal of the U.S.
20  Attorney's Office for the Northern District of California from this case, and appointed Assistant
21  Deputy Attorney General Scott S. Schools (who had served as U.S. Attorney on a temporary
22  basis prior to Mr. Russionello's appointment) as Acting U.S. Attorney, with AUSA Waldinger
23  continuing his representation of the United States under Mr. Schools' supervision.

24  II.  ARGUMENT

25  Defendant Nosal now seeks to use the Department's own  cautious action recusing the

---

[1]   Defendant Nosal also moves to dismiss the indictment against him based on related conflict of interest arguments.  As that portion of his motion does not directly impact Ms. Christian, this Opposition does not comment upon it.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SF\483166.1

1

No. CR-0800237-MHP
OPPOSITION OF DEFENDANT CHRISTIAN TO
MOTION TO RECUSE GOVERNMENT COUNSEL

1  U.S. Attorney's Office as an improper springboard to seek the recusal of the specific AUSA who
2  has had responsibility for this matter from nearly its inception, and who has handled the
3  cooperation of several defendants (including Ms. Christian).  Because the Department has
4  addressed this conflict issue properly, no actual impropriety or appearance of impropriety
5  remains, and Defendant Nosal's motion to recuse AUSA Waldinger should be denied.

6  Ms. Christian will not attempt here to explore every nuance of the law surrounding
7  recusal of prosecutors.  Even a brief review of relevant legal standards, however, strongly
8  supports denial of the Nosal Motion.  Both federal and California courts have hesitated to order
9  the recusal of prosecutors who, like AUSA Waldinger, have no actual conflict or appearance of
10 conflict, solely because of an "imputed" conflict flowing from another prosecutor in the same
11 office.

12 Federal cases make clear that where individual prosecutors in a U.S. Attorney's Office
13 (including U.S. Attorneys themselves under some circumstances) have conflicts, other
14 prosecutors in that office who do not share those conflicts and are appropriately "walled off"
15 may continue to represent the United States.  *See, e.g., United States v. Lorenzo*, 995 F. 2d 1448,
16 1452-53 (9th Cir. 1993)(U.S. Attorney testified as witness; Assistant U.S. Attorney without
17 conflict in same office not recused).  Indeed, in a case with facts not unlike those before the
18 Court here, the Seventh Circuit refused to order recusal of an entire U.S. Attorney's Office even
19 though the defendant's former counsel had been appointed U.S. Attorney.  *United States v. Goot*,
20 894 F.2d. 231, 235-37 (7th Cir. 1990)(finding "walling-off" procedures adequate to prevent
21 sharing of confidential information).  *See also United States v. Mayo*, 99 F.3d 400, 1995 WL
22 723137, *4 (2d Cir. 1995)(unpublished)("As long as proper screening procedures are followed, a
23 government office (unlike a private firm) need not recuse itself entirely from a case because of
24 an individual attorney's conflict, even if that attorney is the office's leader," citing *In re Grand*
25 *Jury Subpoena of Ford,*  756 F. 2d 249, 254 (2d Cir. 1985).).

26 Similarly, under California law, for a court to order the recusal of an entire prosecution
27 office and all its prosecutors, "[t]he conflict must be of such gravity as to render it unlikely that
28 defendant will receive a fair trial unless recusal is ordered."  *People v. Conner,* 666 P.2d 5, 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SF\483166.1

2

No. CR-0800237-MHP
OPPOSITION OF DEFENDANT CHRISTIAN TO
MOTION TO RECUSE GOVERNMENT COUNSEL

(Cal. 1983) (citing Calif. Penal Code § 1424). Clearly, AUSA Waldinger's continued representation of the United States in this matter poses no question of any such "grave" conflict. To the contrary, the fact that the Department of Justice requires him to report to Assistant Deputy Attorney General Schools in Washington, D.C., and not to any supervisor in the U.S. Attorney's Office for the Northern District of California, makes his absence of conflict -- actual or apparent -- unmistakable.

Ms. Christian, of course, is not in a position to know or describe the internal screening steps taken by the Department of Justice to ensure that Mr. Russionello has been appropriately "walled off" from this matter. But even the outward appearance of the matter -- in which Mr. Russionello's name has never appeared as counsel on any pleading, and "acting" U.S. Attorneys have always been in place who did not suffer from any actual or apparent conflict -- strongly supports the conclusion that the Department has acted properly.

As a final consideration, Ms. Christian also notes for the Court that an order recusing AUSA Waldinger carries with it substantial costs and prejudice to the other defendants in this case. AUSA Waldinger has handled the investigation of this case since 2005. He has been responsible for the resolution of charges with respect to three defendants, including Ms. Christian. As the Court knows, as part of her settlement of this case with the government, Ms. Christian has agreed to cooperate and provide truthful testimony. Recusing Mr. Waldinger at this stage would inevitably result in substantial delay and the need to re-interview the cooperating defendants, which would create substantial additional cost and uncertainty for Ms. Christian and the other cooperating defendants, Ms. Froehlich-L'Herreaux and Mr. Jacobson.

If this case involved an actual conflict that required AUSA Attorney Waldinger's recusal, of course, this delay and substantial additional cost to other defendants would not in itself change the Court's proper analysis. But where, as here, the Court has before it a motion seeking Mr. Waldinger's recusal on the basis of "imputed" conflicts that lie far afield from any actual conflict, this additional consideration is worthy of the Court's careful review and assessment.

III.   CONCLUSION

Under Federal and California law addressing the recusal of prosecutors based on

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SF\483166.1

3

No. CR-0800237-MHP
OPPOSITION OF DEFENDANT CHRISTIAN TO
MOTION TO RECUSE GOVERNMENT COUNSEL

"imputed" conflicts, no recusal of AUSA Kyle Waldinger is necessary or appropriate here. Moreover, the Court should weigh Defendant Nosal's claim of "imputed" conflict against the substantial cost and real prejudice that recusal of Mr. Waldinger would impose on Defendant Becky Christian and the other cooperating defendants in this matter.

For all these reasons, Ms. Christian respectfully requests that Defendant Nosal's Motion to recuse Assistant U.S. Attorney Waldinger be denied.

Respectfully submitted, this 3d of November, 2008.

LATHAM & WATKINS LLP

By /signature on file/
Steven Bauer

HILL & ROBBINS,

By /signature on file/
John Walsh

Attorneys for Defendant Becky Christian

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SF\483166.1

4

No. CR-0800237-MHP
OPPOSITION OF DEFENDANT CHRISTIAN TO
MOTION TO RECUSE GOVERNMENT COUNSEL