1

2

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5

6    UNITED STATES OF AMERICA,                    No. C 08-00237 MHP

            Plaintiff,

7                                                 **MEMORANDUM & ORDER**

     v.
8                                                 **Re: Motion to Dismiss Indictment and to**
     DAVID NOSAL, et al.,                          **Recuse Government Counsel**

9
            Defendants.
10   _____/

11
          Defendant David Nosal ("Nosal") has been indicted on mail fraud, theft of trade secrets and
12
     illegal computer intrusion.  Nosal has moved to dismiss the pending indictment and to recuse
13
     government counsel from the case.  The court has considered the parties' arguments and
14
     submissions, and for the reasons stated below, the court issues the following memorandum and
15
     order.
16
     BACKGROUND[1]
17
          Nosal was formerly represented, during the investigative stage of this case, by Joseph
18
     Russoniello while a partner at Cooley Godward Kronish, L.L.P.  In 2006, Nosal replaced the Cooley
19
     firm with his current counsel, Stephen Gruel.  In 2007, Mr. Russoniello was appointed United States
20
     Attorney ("USA") for the Northern District of California ("NDCA").  That appointment raised
21
     conflict issues with respect to this case.  From the beginning of his tenure USA Russoniello recused
22
     himself from any role in this matter and assigned Assistant Brian Stretch as Acting U. S. Attorney
23
     for this case.
24
          Assistant U.S. Attorney Kyle Waldinger remained as lead prosecutor on the case under the
25
     supervision of Acting U.S. Attorney Stretch.  The recusal issue was thereafter referred to the General
26
     Counsel's Office of the Executive Office for U.S. Attorneys and Associate Deputy Attorney General
27
     David Margolis approved the recusal assigning Assistant Deputy Attorney General ("ADAG") Scott
28
     S. Schools, formerly the U.S. Attorney for the NDCA, as Acting U.S. Attorney for this matter.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Nosal seeks to dismiss the indictment and to recuse government counsel from this case.

2  Nosal argues that because Russoniello now runs the USAO for the NDCA, the conflict is imputed to

3  that entire USAO.  Specifically, Nosal argues that Waldinger was improperly excluded from the

4  scope of the conflict and must be disqualified from future participation in this matter.  Nosal further

5  argues that the indictment should be dismissed because it was handed down in 2008 over the

6  signatures of Assistant U.S. Attorney Brian Stretch as Acting U.S. Attorney and Waldinger, both

7  from the USAO for the NDCA.  Nosal acknowledges that the government may still prosecute Nosal

8  but it must do so wholly outside the USAO for the NDCA.

9    Co-defendant Becky Christian opposes Nosal's motion that seeks to disqualify Waldinger

10  from prosecution, arguing that Russoniello has been appropriately "walled off"from the matter, the

11  conflict issue has been resolved by Schools' standing in the stead of USA Russoniello and no actual

12  impropriety or appearance therefore remains.  Christian contends that the court should weigh

13  Nosal's claim of imputed conflict against the substantial costs that recusal of Waldinger would

14  impose on the other defendants, including prejudice to cooperating defendants and delayed

15  settlements.

16    The United States opposes Nosal's motion in full, arguing that no actual or imputed conflict

17  remains and no rule of professional conduct, nor any federal or state statute or case requires the

18  disqualification of an entire USAO on these facts.  Specifically, the United States asserts that

19  Russoniello has not been involved in this case in any direct or indirect manner since his arrival at the

20  USAO.  The United States also asserts that Waldinger does not report to Russoniello on this matter,

21  Russoniello does not evaluate Waldinger with respect to these matters, nor is Russoniello the

22  "reviewing official" or "rating official" for Waldinger on any matter.  The United States contends

23  that a disqualification of government counsel is not appropriate based merely on the appearance of

24  impropriety, which is all that exists here because Nosal's former counsel is now the U.S. Attorney in

25  this District.  Finally, the United States  argues that dismissal of the indictment is not an appropriate

26  remedy for an alleged violation of an ethical precept.

27

28

2

United States District Court

For the Northern District of California

1    DISCUSSION

2        The court must decide the issue of whether, in a criminal action where the USAO for the

3    NDCA has recused itself due to a conflict of interest with its United States Attorney, an Assistant

4    U.S. Attorney in that office may remain on the case under the supervision of an ADAG.  Defendant

5    contends that the conflict should be imputed to the entire office of the NDCA, such that the NDCA

6    should be disqualified in toto, including Waldinger, and the case should be handed to another

7    USAO.  The United States contends that disqualification of an entire USAO is a drastic and

8    excessive remedy that implicates separation of powers issues and that is neither mandated by any

9    authority nor warranted in this case.

10       The court begins its analysis by noting that there is no rule or controlling authority that

11   compels the vicarious disqualification of a prosecutors' office based on an individual attorney's

12   personal conflict.  Whether an entire USAO should be disqualified is a question to be determined on

13   a case by case basis by analyzing the requirements of the California Rules of Professional Conduct,

14   the American Bar Association ("ABA") Model Rules of Professional Conduct, and state and federal

15   cases.  The court examines each in turn.

16   I.      Rules of Professional Conduct

17       The California Rules of Professional Conduct, which have been adopted by the U.S. District

18   Court for the NDCA, provide little guidance for prosecutors' offices.  No cases cited by either side

19   have applied the conflict rule 3-310 to result in vicarious disqualification of a criminal government

20   office.  The ABA Model Rules of Professional Conduct, which have not been adopted by the U.S.

21   District Court for the NDCA but nonetheless provide guidance to the court, provide that personal

22   conflicts are not imputed to others in a government office.  Model Rule 1.11, which addresses

23   special conflicts of interest for former and current government officers and employees, does not

24   impute conflicts of interest to the rest of the governmental agency lawyers. See comments 2 and 9 to

25   rule 1.11.  Model Rules 1.10 and 1.11 also eliminate the "appearance of impropriety" approach for

26   disqualification, which is the rationale underlying Nosal's pending motion. See, e.g., Waters v.

27   Kemp, 845 F.2d 260, 265-66 (11th Cir. 1988) (explaining that cases applying the imputation

28   standard were decided before the Model Rules replaced the Model Code and eliminated that

3

United States District Court

For the Northern District of California

1  appearance of impropriety language); <u>United States v. Aleman</u>, 2004 WL 1834602, *2 n.9 (W.D.

2  Tex. 2004) (noting the Model Rules "pointedly eliminated the appearance of impropriety standard").

3  Accordingly, there is no basis under any Rules of Professional Conduct for any appearance of

4  professional impropriety or of a conflict of interest to disqualify the entire prosecution office of the

5  NDCA in this case.

6  II.     California Law

7          California Penal Code section 1424 provides a legal mechanism for disqualification of a

8  prosecutors' office.  It states in relevant part: "The motion [to disqualify] shall not be granted unless

9  it is shown by evidence that a conflict of interest exists as would render it unlikely that the defendant

10 would receive a fair trial."  Cal. Penal Code § 1424(a)(1).  That statute was enacted in 1980 and

11 overruled prior case law which embraced an appearance of impropriety or of a conflict of interest

12 standard and required recusal of a state prosecutor if the conflict affected his ability to perform the

13 discretionary function of his office.  State cases applying section 1424 have affirmatively overruled

14 this lower standard and deemed an appearance of impropriety or of an imputed conflict insufficient

15 grounds to disqualify a prosecutor's office.  <u>See, e.g.</u>, <u>People v. Conner</u>, 34 Cal.3d 141, 147 (1983)

16 (holding "the conflict must be of such gravity as to render it unlikely that defendant will receive a

17 fair trial unless recusal is ordered.");  <u>People v. Eubanks</u>, 14 Cal.4th 580, 592-594 (1996) (holding

18 that the appearance of impropriety alone is not an independent ground for prosecutorial

19 disqualification and an actual conflict must be so grave as to make fair treatment unlikely in order to

20 disqualify the district attorney's office).  Thus, the court finds that even if California law were

21 applied there would be no basis to force the recusal of the prosecutor's office in this case.

22 III.    Federal Law

23         There is no controlling standard in the Ninth Circuit for imputation of a conflict where a

24 private defense attorney joins a prosecutors' office.  In general, Ninth Circuit authority has refused

25 to extend cases that apply the imputed disqualification rule to private law firms equally to

26 government agencies.  <u>See</u> <u>Matter of Grand Jury Investigation of Targets</u>, 918 F.Supp. 1374, 1378

27 n.11 (S.D. Cal. 1996) (noting that the imputed disqualification rule assumes that the client can hire

28 another law firm, whereas in the case of government agencies, "the only choices for federal

4

United States District Court

For the Northern District of California

1  prosecution are the local AUSAs, DOJ attorneys, or special prosecutors."). Cases cited by defendant

2  addressing the disqualification of law firms are thus not relevant to the instant inquiry. Directly

3  relevant is the Seventh Circuit's decision in United States v. Goot, 894 F.2d 231 (7th Cir. 1990), the

4  facts of which are nearly on all fours with the instant case. Goot involved a motion to recuse a

5  USAO after the defendant's former counsel had been appointed U.S. Attorney of the District

6  conducting the investigation. The U.S. Attorney had previously recused himself and appointed an

7  Acting U.S. Attorney for all matters concerning his former client. The Seventh Circuit affirmed the

8  district court's refusal to recuse the entire USAO, holding that the state ethics rules did not mandate

9  the disqualification of other lawyers in the agency. Id. at 233. The court ruled that the "Chinese

10  wall" the USAO had erected rebutted the presumption that confidences were shared, the U.S.

11  Attorney was sufficiently screened from the prosecution and these procedures were in keeping with

12  the USAO's regulations and were thus sufficient for conflict purposes.

13      The Ninth Circuit has made clear the appearance of impartiality is insufficient grounds for

14  prosecutorial disqualification. In United States v. Lorenzo, 995 F.2d 1448 (9th Cir. 1993), a

15  defendant sought the disqualification of the USAO for the District of Hawaii based on an appearance

16  of a conflict arising out of a tax fraud where the alleged victims were AUSAs of that office. Id. at

17  1451. The Ninth Circuit held that an appearance of impropriety was insufficient and the appropriate

18  standard requires a showing of actual prejudice to disqualify a USAO. Id. at 1453 (stating the lack

19  of prejudice is underscored by: no suggestion that the charges were brought because of the

20  victimization of the U.S. Attorney himself; and no suggestion that the USAO "did not exercise its

21  discretionary function in an even-handed manner or that its zeal was not born of objective and

22  impartial consideration of the merits of this case.") The court also noted that the general trend in the

23  law has been to limit the applicability of the vicarious disqualification rules to private organizations.

24  Id.

25      In Matter of Grand Jury Investigation of Targets, 918 F.Supp. 1374 (S.D. Cal. 1996), one

26  Assistant U.S. Attorney recused himself from investigating targets of a grand jury based on his prior

27  representation of one of the targets. The court denied defendants' motion to disqualify the entire

28  USAO for the Southern District of California on alleged imputed ethical conflict of interest grounds.

5

United States District Court

For the Northern District of California

1  The court applied the standard for disqualification from prosecution to disqualification from

2  investigation, reasoning that judicial intervention in either stage requires a showing of "serious

3  abuses."  The court concluded that Ninth Circuit authority does not support disqualifying the entire

4  USAO, when no evidence of confidential information sharing occurred and appropriate screening

5  steps were taken.  Id. at 1378, citing United States v. Caggiano, 660 F.2d 184, 190-91 (6th Cir.

6  1981) (holding that vicarious disqualification does not apply to U.S. Attorney's Offices), cert.

7  denied, sub nom., Winfield v. United States, 454 U.S. 1149 (1982); Formal Opinion 342, 62

8  A.B.A.J. 517 (1976) (stating the opinion of the ABA Committee on Professional Ethics that

9  prosecutors were different from private attorneys, because "[t]he channeling of advocacy toward a

10  just result as opposed to vindication of a particular claim lessens the temptation to circumvent the

11  disciplinary rules").

12  The court also considers United States v. Bolden, 353 F.3d 870 (10th Cir. 2003), which

13  provides caution for a court considering the recusal of an entire USAO office.  Bolden did not

14  involve a prior representation, but was premised on the rule that orders disqualifying an entire

15  USAO are separate from the underlying issues.  The Tenth Circuit stated the disqualification of an

16  entire USAO is almost always reversible error, because of the weighty separation of powers

17  concerns it raises.  Id. at 875-876.  The court noted that "where it is shown that an Assistant United

18  States Attorney is subject to a conflict of interest, the proper remedy [generally] is to remove that

19  individual, not all of the attorneys in the district, from the case."  Id. at 875.

20  Based on the foregoing, the court finds no requirement in the case law to mandate the recusal

21  of Waldinger as part of the USAO for the NDCA based on an imputed conflict or an appearance of

22  impropriety.  It is the highly unusual case that disqualifies an entire USAO, and the court finds no

23  basis to warrant such a disqualification or "recusal" on these facts.

24  On oral argument, defendant distinguished prior holdings, e.g., Lorenzo, based on the fact

25  that the U.S. Attorney had not been involved in the former representation, whereas Russoniello had

26  approximately a year of discussions with his former client Nosal.  As part of its analysis, the court

27  considers the extent to which any appearance of or actual impropriety or conflict could have

28  presented itself at one time, if Russoniello had any contact or role in the case after the time he took

6

the position of U.S. Attorney and before the USAO recused itself from the case.  To that end, the

court has reviewed the declaration filed under seal by Assistant U.S. Attorney Brian Stretch, who

served as Acting U.S. Attorney at the time in question.  It is this declaration upon which the court

relies, together with statements made by ADAG Schools on oral argument, to find no evidence of an

actual conflict or any impropriety with regard to Russoniello's conduct.  Based on the written and

oral assurances from the United States, Russoniello was screened from the matter upon entering the

USAO for the NDCA and had no involvement whatsoever in the matter either directly or indirectly

from the first day of his tenure as U.S. Attorney.  The court noted the absence of a declaration from

Russoniello and indicated that such might have been useful, but none was filed.  Nevertheless, in

careful consideration of the parties' submissions and arguments, the court finds no requirement

under any controlling rule, state or federal case law addressing the recusal of prosecutors based on

imputed conflicts that the entire USAO for the NDCA, including Assistant U.S. Attorney Waldinger,

be removed from this case.  However, out of an abundance of caution the court directs USA

Russoniello to file a declaration under seal setting forth the efforts he has taken to ensure that he has

not had and does not have any communication with or influence upon AUSAs Stretch, Waldinger

and others in his office working on this case; the steps he has taken to wall himself off from any and

all matters related to this case; and any other procedures he has put in place to prevent conflicts

between the USAO of this district and his former client.

## CONCLUSION

For the foregoing reasons, defendant Nosal's motion to dismiss the indictment and to recuse

government counsel is **DENIED** subject to the review of the declaration ordered above.  USA

Russoniello shall file his declaration within ten (10) days of the date of this order.

IT IS SO ORDERED.

Dated: February 24, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**

For the Northern District of California

1  **ENDNOTES**

2  1.  All facts cited herein are taken from the record and the parties' submissions.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28