1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DAVID NOSAL,

        Defendant.

_____/

No. C 08-00237 MHP

**MEMORANDUM & ORDER**

**Re: United States' Motion for Leave to File Motion for Reconsideration**

    Defendant David Nosal ("Nosal") was indicted on theft of trade secrets, illegal computer intrusion, and mail fraud. The government moves for leave to file a motion for reconsideration of the court's dismissal of counts twelve through twenty of the Superceding Indictment. Counts twelve through nineteen are mail fraud charges and count twenty is a conspiracy to commit mail fraud charge. The court granted defendant's motion to dismiss these charges in open court on March 2, 2009 and supplemented that ruling with a written Memorandum & Order issued April 13, 2009. See Docket Entry No. 105 ("Order").

    The government asserts that it did not have a chance to fully address the issue upon which the court's ruling was based, that is, the lack of specificity and number of the Superceding Indictment's mail fraud allegations regarding misrepresentations made to further the fraudulent scheme, because defendant did not raise this issue in his motion to dismiss.

    The government also asserts the Superceding Indictment adequately alleges each element of a mail fraud violation, because the implied element of materiality need not be asserted with respect to specific misrepresentations made in furtherance of the fraudulent scheme; that specific intent to

**United States District Court**
For the Northern District of California

1   defraud need not be proven by direct evidence; and that a fraudulent scheme may be proven by the

2   existence of half-truths or the concealment of material facts.  See, e.g., United States v. Munoz, 233

3   F.3d 1117, 1131 (9th Cir. 2000).  The government contends these principles are not reflected in the

4   court's ruling that "suggests that the [c]ourt is doubtful that the government will be able to prove at

5   trial the defendant's specific intent to defraud, or the existence of a scheme to defraud" (USA's Mot.

6   at 10:13-15) based at least in part on "a dearth of allegations regarding intentional and specific

7   misrepresentations of fact made to further the fraudulent scheme."  Order at 13:7-8.

8          The court is not persuaded by these arguments.  First of all, the court's ruling did not speak

9   to the sufficiency of the government's evidence, but rather specifically addressed the partial

10  invalidity of the indictment on its face based on a lack of allegations concerning a false and

11  fraudulent pretense theory of mail fraud.  See Order at 12-13.

12         Secondly, and as the government acknowledged, defendant's motion *did* address the lack of

13  allegations relating to the mail fraud charges.  That defendant may only have addressed the issue of

14  specific representations made in furtherance of the fraudulent scheme at oral argument is probative

15  not of the government's lack of an opportunity to adequately respond to these issues but rather of the

16  government's failure to properly plead the allegations in the first place.  As the court explained in its

17  Order, the government relied in part on the theory of deprivation of honest services, but the

18  Superceding Indictment does not.  The allegations therein relate to a false and fraudulent pretenses

19  theory instead.  As a result, the Superceding Indictment falls short on pleading a recognizable

20  scheme to defraud under false pretenses where the defendant made fraudulent representations that

21  are designed and calculated to deceive and which are performed in furtherance of the scheme to

22  defraud, even when considering the alleged mailings of defendant's monthly payment checks as

23  "incident to an essential part of the scheme" or "a step in [the] plot."  Schmuck v. United States, 489

24  U.S. 705, 711 (1989).

25         Thirdly, the court made clear at the March 2, 2009 oral hearing on this matter the basis for its

26  ruling that the government failed to allege a scheme to defraud that involves the use of the mails in

27  furtherance of the scheme and the specific intent to defraud.  The court was under the impression, as

28  was defendant (See Docket Entry No. 112, Def.'s Opp. to USA's Mot.) that the government

1  understood this ruling at that time, given the discussion concerning how a bill of particulars would

2  not be able to remedy the defects and a re-presentment to the grand jury would be required.  The

3  government presents no basis to revisit the court's prior oral and written rulings now.  Accordingly,

4  the government's motion for leave to file a motion for reconsideration is DENIED.

5       IT IS SO ORDERED.

6

7  Dated:   May 26, 2009

8       MARILYN HALL PATEL
     United States District Court Judge

9       Northern District of California

10

**United States District Court**

For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3