STEVEN F. GRUEL (CSBN 213148)
Attorney at Law
100 Pine Street, Suite 600
San Francisco, CA 94122
Telephone Number: (415) 989-1253
Fax Number: (415) 576-1442
attystevengruel@sbcglobal.net

DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone Number: (415) 431-3472
Fax Number: (415) 552-2703
dennis@riordan-horgan.com
Attorneys for David Nosal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR-08-0237-MHP ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| DAVID NOSAL, et al., | ) Date: December 7, 2009 ) Time: 11:00 a.m. |
| Defendants. | ) Courtroom: Hon. Marilyn Hall Patel ) |
| ——————————————— | ) |

**DEFENDANT'S MOTION TO RECONSIDER PREVIOUS RULING DENYING DISMISSAL OF COUNTS TWO TO NINE FOR FAILURE TO STATE AN OFFENSE**

**TABLE OF CONTENTS**

I.    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF DISMISSAL OF COUNTS TWO THROUGH NINE FOR FAILURE TO STATE AN OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    This Court's Ruling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    The Import of *Brekka* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

## CASES

*Alfin v. Henson*,
552 F.2d 1033 (4th Cir. 1977) .......... 2

*Bryant v. Ford Motor Company*,
886 F.2d 1525 (9th Cir. 1989) .......... 2

*International Airport Centers, L.L.C. v. Citrin*,
440 F.3d 418 (7th Cir. 2006) .......... 3

*LVRC Holdings v. Brekka*,
No. 07-17116 (9th Cir. Sept. 15, 2009) .......... 1

*United States v. Martin*,
226 F.3d 1042 (9th Cir. 2000) .......... 2

## STATUTES

Computer Fraud and Abuse Act (CFAA), 18 U.S.C. 1030(a)(4) .......... 3

STEVEN F. GRUEL (CSBN 213148)
Attorney at Law
100 Pine Street, Suite 600
San Francisco, CA 94122
Telephone Number: (415) 989-1253
Fax Number: (415) 576-1442
attystevengruel@sbcglobal.net

DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone Number: (415) 431-3472
Fax Number: (415) 552-2703
dennis@riordan-horgan.com

Attorneys for
Defendant David Nosal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>DAVID NOSAL, et al.,<br><br>           Defendants. | No. CR-08-0237-MHP<br><br>**DEFENDANT'S MOTION TO RECONSIDER PREVIOUS RULING DENYING DISMISSAL OF COUNTS TWO TO NINE FOR FAILURE TO STATE AN OFFENSE**<br><br>Date: December 7, 2009<br>Time: 11:00 a.m.<br>Courtroom of Marilyn Hall Patel |

      PLEASE TAKE NOTICE that on December 7, 2009, at 11 a.m. in the courtroom of the Honorable Marilyn Patel, defendant DAVID NOSAL will move the Court for orders (1) granting reconsideration of its prior ruling denying defendant's motion to dismiss Counts Two through Nine on the grounds that none of those counts adequately states an offense; and (2) granting dismissal of those counts.

      This Court previously denied defendant Nosal's motion to dismiss Counts Two through Nine by written order on April, 13, 2009.  Last month, however, the Ninth Circuit issued its ruling in *LVRC Holdings v. Brekka*, No. 07-17116, slip op. (9th Cir. Sept. 15, 2009), under

1

which Counts Two through Nine must be dismissed. A proper ground for a motion for reconsideration is a change in the law since the Court's initial ruling. Local Rule 7-9 (b)(2); *United States v. Martin*, 226 F.3d 1042 (9th Cir. 2000) (District court did not err in granting motion to reconsider order granting re-sentencing filed 83 days after initial order, because court has inherent jurisdiction to modify order in light of new legal authority). See also *Bryant v. Ford Motor Company*, 886 F.2d 1525 (9th Cir. 1989); *Alfin v. Henson*, 552 F.2d 1033 (4th Cir. 1977) (Court exercises inherent discretion to permit second motion for rehearing where change in law had followed denial of first petition for rehearing).

  This motion is founded on the present notice of motion; the accompanying memorandum of points and authorities; the papers and records on file in the action; and on such oral and documentary evidence as may be presented at the time of the hearing.

Dated: October 5, 2009      Respectfully submitted,

STEVEN F. GRUEL
RIORDAN & HORGAN

By /s/ Steven F. Gruel
  STEVEN F. GRUEL


By /s/ Dennis P. Riordan
  DENNIS P. RIORDAN

Attorneys for Defendant
DAVID NOSAL

**I.     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF DISMISSAL OF COUNTS TWO THROUGH NINE FOR FAILURE TO STATE AN OFFENSE**

**A.     Background**

Counts Two through Nine of the Superceding Indictment charge violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a)(4). That provision makes its illegal to access a computer without authorization, or to exceed authorized access, with intent to defraud. *See id*.

In his second motion to dismiss, filed on January 12, 2009, Mr. Nosal argued that the CFAA does not cover acts of misappropriation — i.e., that it does not cover the sort of conduct alleged in the indictment. (*See* Memorandum in Support of Motion to Dismiss at 3-9.) The core of the argument had to do with the meaning of the statutory terms "without authorization" and "exceeds authorization." Mr. Nosal recognized a split of authority on that issue. He urged this Court to follow those courts that had interpreted those terms narrowly.

In its opposition, filed on February 2nd, the government urged this Court to adopt a broader view of the statute, such as that taken by the Seventh Circuit in *International Airport Centers, L.L.C. v. Citrin*, 440 F.3d 418 (7th Cir. 2006). (*See* United States' Opposition at 8-12.) The government that under the *Citrin* interpretation, the indictment had validly alleged violations of the CFAA.

**B.     This Court's Ruling**

This Court denied Mr. Nosal's motion to dismiss the CFAA counts from the bench on March 2nd. On April 13th, it issued an order memorializing its decision and its rationale.

The Court's order accepted the government's view of the CFAA. While recognizing the split of authority, the Court stated that it was "not persuaded by Nosal's arguments or by the narrower view of 'authorization' embraced in the latter line of cases [i.e., those cases rejecting *Citrin*]." (Order at 8.) It suggested that the CFAA had been read expansively in civil cases, and that the same reading should apply to criminal cases. (*Id*.) It held that any access of an employer's computer with intent to defraud necessarily renders the access "without authorization" or "in excess of authorization." (*Id*. at 8-10.)

3

### C. The Import of *Brekka*

The Ninth Circuit's recent ruling in *Brekka* adopts the narrower reading of the CFAA and vindicates Mr. Nosal's arguments. Under *Brekka*, the CFAA counts must be dismissed.[1]

In that case, LVRC Holdings sued its former employee Christopher Brekka for violations of the CFAA. During the time that he was an employee, Brekka used his computer password to access sensitive information, and he also emailed himself several sensitive company documents. Slip op. at 13378-80. In its lawsuit, LVRC alleged that by misappropriating valuable company data in that manner, Brekka had violated the CFAA. The district court granted Brekka's motion for summary judgment, and the Ninth Circuit affirmed. In so doing, it adopted the narrow reading of the CFAA.

The Ninth Circuit held that when an employee uses a valid password to access company data, he does not use a computer "without authorization" or "in excess of authorization" — even if he does so for self-serving or nefarious purposes. It relied on the plain meaning of the word "authorization."

> Based on this definition, an employer gives an employee "authorization" to access a company computer when the employer gives the employee permission to use it. Because LVRC permitted Brekka to use the company computer, the ordinary, contemporary, common meaning, of the statute suggests that Brekka did not act "without authorization."
>
> No language in the CFAA supports LVRC's argument that authorization to use a computer ceases when an employee resolves to use the computer contrary to the employer's interest.

Slip op. at 13384 (internal quotation marks and citation omitted).

The Ninth Circuit thus held that an employee accesses a computer "without authorization" only "when the person has not received permission to use the computer for any purpose (such as when a hacker accesses someone's computer without any permission), or when the employer has rescinded permission to access the computer and the defendant uses the computer anyway." *Id*. at 13388.

The Ninth Circuit also held that an employee "exceeds authorized access" only when the

---

[1] For the Court's convenience, *Brekka* is attached to this motion as Exhibit A.

4

employee "has permission to access the computer, but accesses information on the computer that the person is not entitled to access." *Id*. at 13385. In other words, an employee does not "exceed authorized access" when he simply misappropriates or uses information in an impermissible way. Under *Brekka*, when an employee accesses information that she is entitled to access, she does not violate the CFAA — even if she does so with an intent to defraud, and even if she intends to use the information for some purpose that is against the company's interest.

In adopting a narrow reading of the CFAA, the Ninth Circuit explicitly rejected the Seventh Circuit's holding in *Citrin*. *Id*. at 13385-88. It held that *Citrin* contravened the plain meaning of the statute as well as the rule of lenity.

In short, *Brekka* adopts the narrower reading of the CFAA that this Court had rejected.[2] Under *Brekka*, Counts Two through Nine must be dismissed. Those counts do not allege any sort of hacking — they do not allege that Mr. Nosal or a coconspirator accessed some computer that they had no permission to access for any purpose. Nor do they allege that Mr. Nosal or a coconspirator accessed information that they had no right to access.

In its previous ruling, this Court suggested that by validly alleging fraudulent intent, the government also necessarily alleged that defendant had exceeded authorized access. (Order at 9-10 ("That they accessed the information at issue with nefarious intent rendered the access 'without authorization' or 'in excess of authorized access.'").) As the Ninth Circuit held in *Brekka*, however, the fraud element and the unauthorized access element are separate and independent. *See* slip op. at 13382-83 (listing the elements of the offense). An allegation of the former element does not obviate the need to allege the latter element.

---

[2] After this Court's initial ruling, but prior to the Ninth Circuit's ruling in *Brekka*, Judge Wu of the Central District issued a different ruling on the CFAA in the Lori Drew case. *See United States v. Drew*, No. 08-0582, *Decision on Defendant's F.R. Crim. P. 29(c) Motion* (C.D. Cal., Aug. 28, 2009). Judge Wu accepted the government's argument that use of a computer in violation of a contract constitutes use "in excess of authorization." In other words, he accepted a broad reading of the CFAA as a matter of statutory interpretation. *See id*. at 18-22. But he held that the statute, so construed, is unconstitutional under the void-for-vagueness doctrine. *See id*. at 22-32.

The *Brekka* opinion of course supercedes Judge Wu's opinion. Judge Wu was correct, however, that if the statute is interpreted broadly, it runs afoul of the constitution. His opinion provides independent basis for reconsideration of this Court's prior ruling.

**D. Conclusion**

In sum, while Counts Two through Nine do allege access with fraudulent intent and misappropriation, they do not allege access without authorization or in excess of authorization as those terms have been interpreted by the Ninth Circuit. As such, they do not validly allege violations of the CFAA, and they should be dismissed. Based on the intervening authority of *Brekka*, Mr. Nosal therefore requests that this Court reconsider its earlier ruling.

## CONCLUSION

For the reasons stated, Counts Two through Nine must be dismissed for failure to state an offense.

Dated: October 5, 2009  Respectfully submitted,

STEVEN F. GRUEL

DENNIS P. RIORDAN
RIORDAN & HORGAN

By /s/ Steven F. Gruel
    STEVEN F. GRUEL

By /s/ Dennis P Riordan
    DENNIS P. RIORDAN

Attorneys for Defendant
DAVID NOSAL

**PROOF OF SERVICE BY MAIL -- 1013(a), 2015.5 C.C.P.**

**Re:** <u>United States v. Nosal</u> No. CR 08-0237 MHP

I am a citizen of the United States; my business address is 523 Octavia Street, San Francisco, California 94102. I am employed in the City and County of San Francisco, where this mailing occurs; I am over the age of eighteen years and not a party to the within cause. I served the within:

**DEFENDANT'S MOTION TO RECONSIDER PREVIOUS RULING DENYING DISMISSAL OF COUNTS TWO TO NINE FOR FAILURE TO STATE AN OFFENSE**

on the following person(s) on the date set forth below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at San Francisco, California, addressed as follows:

**Kyle F. Waldinger**
Assistant U.S. Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

**[x] BY MAIL:** By depositing said envelope, with postage thereon fully prepaid, in the United States mail in San Francisco, California, addressed to said party(ies);*

**[ ] BY PERSONAL SERVICE:** By causing said envelope to be personally served on said party(ies), as follows:   **[ ] FEDEX     [ ] HAND DELIVERY   [ ] BY FAX**

I certify or declare under penalty of perjury that the foregoing is true and correct. Executed on October 5, 2009 at San Francisco, California.

/s/ Jocilene Yue
Jocilene Yue