SCOTT N. SCHOOLS (SC 9990)
Associate Deputy Attorney General
Acting United States Attorney

KYLE F. WALDINGER (ILSB 6238304)
Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California 94102
   Telephone: (415) 436-6830
   Facsimile: (415) 436-7234
   E-mail: kyle.waldinger@usdoj.gov

JAIKUMAR RAMASWAMY (NYSB 3058740)
Trial Attorney

   Criminal Division
   Computer Crime and Intellectual Property Section
   U.S. Department of Justice
   1301 New York Ave., NW
   Suite 600
   Washington, DC 20530
   Telephone: (202) 353-0229
   Facsimile: (202) 514-6113
   E-mail: jaikumar.ramaswamy@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID NOSAL, <br><br> Defendant. | No. CR 08-0237 MHP <br><br> **UNITED STATES' OPPOSITION TO DEFENDANT NOSAL'S MOTION TO RECONSIDER PREVIOUS RULING DENYING DISMISSAL OF COUNTS TWO THROUGH NINE** <br><br> Hrg. Date: December 7, 2009 <br> Time: 11:00 a.m. <br> Crtrm. 15: Hon. Marilyn Hall Patel |

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]

**TABLE OF CONTENTS**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE INDICTMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LEGAL STANDARDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      I.     COUNTS TWO THROUGH NINE PROPERLY STATE
            AN OFFENSE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      II.    *LVRC HOLDINGS LLC V. BREKKA* DOES NOT SUPPORT
            DISMISSAL OF COUNTS TWO THROUGH NINE. . . . . . . . . . . . . . . . . . . . . 6

      III.   THE FEDERAL RULES OF CRIMINAL PROCEDURE
            DO NOT PROVIDE FOR A PRETRIAL DETERMINATION
            OF THE SUFFICIENCY OF THE EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

FEDERAL CASES

*Carbo v. United States*, 314 F.2d 718 (9th Cir. 1964)................................................. 3

*Costello v. United States*, 350 U.S. 359 (1956)....................................... 10

*EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577 (1st Cir. 2001). .................. 9

*Guam v. Muna*, 999 F.2d 397 (9th Cir. 1993). ................................. 4

*Hamling v. United States*, 418 U.S. 87 (1974)........................................... 3, 6

*International Airport Centers, L.L.C. v. Citrin*, 440 F.3d 418 (7th Cir. 2006). ............... 7

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009). ..................... 2, 3, 6, 9

*United States v. Albers*, 56 F.3d 1106 (9th Cir. 1995)........................................ 4

*United States v. Beltran-Hernandez*, 2009 WL 928169 (N.D. Cal. Apr. 3, 2009). ........... 11

*United States v. Boren*, 278 F.3d 911 (9th Cir. 2002). ................................. 4

*United States v. Cleveland*, 1997 WL 527335 (E.D. La. Apr. 22, 1997)................... 11

*United States v. Coiro*, 785 F. Supp. 326 (E.D.N.Y. 1992)................................ 11

*United States v. Critzer*, 951 F.2d 306 (11th Cir. 1992). ................................. 10

*United States v. DeLaurentis*, 230 F.3d 659 (3d Cir. 2000). ............................ 10

*United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004). ............................ 3

*United States v. Fitzgerald*, 882 F.2d 397 (9th Cir. 1989)................................ 4, 6

*United States v. Jackson*, 72 F.3d 1370 (9th Cir. 1995). ............................... 4

*United States v. Jenkins*, 884 F.2d 433 (9th Cir. 1989)................................ 3

*United States v. Morris*, 928 F.2d 504 (2d Cir. 1991). ................................. 9

*United States v. Nukida*, 8 F.3d 665 (9th Cir. 1993). ................................. 10, 11

*United States v. Phillips*, 367 F.3d 846 (9th Cir. 2004)................................ 10

*United States v. Phillips*, 477 F.3d 215 (5th Cir. 2007)................................ 9

*United States v. Potstada*, 206 F. Supp. 792 (N.D. Cal. 1962). ......................... 11

*United States v. Renteria*, 557 F.3d 1003 (9th Cir. 2009). ............................. 4

*United States v. Rosi*, 27 F.3d 409 (9th Cir. 1994). ................................. 4

*United States v. Tavelman*, 650 F.2d 1133 (9th Cir. 1981). ............................ 4

*United States v. Urrutia*, 897 F.2d 430 (9th Cir. 1990)........................................ 5

FEDERAL STATUTES

18 U.S.C. § 1030(a)(4).............................................................. 5, 8

FEDERAL RULES

Fed. R. Crim. P. 7(c)(1)............................................................ 3, 5

Fed. R. Crim. P. 12(b)............................................................... 10

```
1  SCOTT N. SCHOOLS (SC 9990)
   Associate Deputy Attorney General
2  Acting United States Attorney

3  KYLE F. WALDINGER (ILSB 6238304)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, 11th Floor
5      San Francisco, California 94102
       Telephone: (415) 436-6830
6      Facsimile: (415) 436-7234
       E-mail: kyle.waldinger@usdoj.gov
7
   JAIKUMAR RAMASWAMY (NYSB 3058740)
8  Trial Attorney

9      Criminal Division
       Computer Crime and Intellectual Property Section
10     U.S. Department of Justice
       1301 New York Ave., NW
11     Suite 600
       Washington, DC 20530
12     Telephone: (202) 353-0229
       Facsimile: (202) 514-6113
13     E-mail: jaikumar.ramaswamy@usdoj.gov

14 Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 08-0237 MHP |
|---|---|---|
| Plaintiff, | ) | **UNITED STATES' OPPOSITION TO DEFENDANT NOSAL'S MOTION TO RECONSIDER PREVIOUS RULING DENYING DISMISSAL OF COUNTS TWO THROUGH NINE** |
| v. | ) | |
| DAVID NOSAL, | ) | |
| Defendant. | ) | Hrg. Date:   December 7, 2009<br>Time:        11:00 a.m.<br>Crtrm. 15:   Hon. Marilyn Hall Patel |

**INTRODUCTION**

The defendant David Nosal has filed a motion seeking reconsideration of this Court's previous ruling denying his motion to dismiss Counts Two through Nine of the Superseding Indictment (hereafter "Indictment"). The defendant's motion invites this court to disregard well-established Circuit and Supreme Court precedent requiring only that an Indictment track statutory

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]

language and contain information sufficient to provide notice to the defendant of the crime charged. Since the Indictment in this case unquestionably meets this minimum threshold, the defendant's motion is meritless, and should be denied.

The defendant attempts to rebut this simple, common-sense conclusion by relying on the Ninth Circuit's recent decision in *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009); however, this reliance on *Brekka* is misplaced. *Brekka* does not stand for the proposition that criminal liability under the CFAA can *never* arise where an employee has permission to access a computer system — a conclusion that would render the "exceeding authorized access" prong of the CFAA largely meaningless. Rather, *Brekka* merely stands for the proposition that — in situations where no written employment agreement, employee guidelines or policies define the scope of access to computer systems — state agency law and common law duties of loyalty cannot be used to define the scope of authorized access under the CFAA. In this case, the Indictment describes *explicit* limitations to computer access placed on Korn/Ferry employees, and even under *Brekka* this establishes a clear basis for criminal liability which the Government intends to prove at trial. Moreover, to the extent that the defendant's motion represents a challenge to the sufficiency of the Government's evidence, the Federal Rules of Criminal Procedure do not provide for pre-trial challenges to the sufficiency of the evidence.

The defendant's motion should therefore be denied.

## SUMMARY OF THE INDICTMENT

The defendant David Nosal has moved to dismiss Counts Two through Nine of the Indictment. Those counts charge him with accessing with the intent to defraud the computer systems of Korn/Ferry International (hereafter "Korn/Ferry"), doing so without authorization and in excess of authorized access, and obtaining something of value as a result. These counts expressly incorporate ¶¶ 1–11 and ¶¶ 13–19 of the Indictment, which set forth the following allegations.

The defendant was employed at the executive search firm Korn/Ferry until October 2004. Indictment, ¶ 2. After he left Korn/Ferry, Nosal was assisted in setting up his own executive search firm by three former employees of Korn/Ferry: his co-defendant Becky Christian (who

1  left Korn/Ferry's employment in January 2005); "M.J." (who left Korn/Ferry's employment in
2  March 2005); and "J.F." (who left Korn/Ferry's employment in August 2005). *Id.*, ¶¶ 3–5.
3        Korn/Ferry employees "received unique usernames and created passwords for use on the
4  company's computer systems," which were intended to be used by the Korn/Ferry employee
5  only. *Id.*, ¶ 9. Nosal, Christian, M.J., and J.F. each entered into a confidentiality agreement with
6  Korn/Ferry which explained that the information in Korn/Ferry's computer system was owned by
7  Korn/Ferry, and restricted the use and disclosure of all information, except for legitimate
8  Korn/Ferry business. *Id.*, ¶ 10. Each time a Korn/Ferry employee logged onto the computer
9  system, the employee was advised of the need for "specific authority to access any Korn/Ferry
10 system or information." *Id.*, ¶ 11. Finally, Korn/Ferry placed the phrase "Korn/Ferry Proprietary
11 and Confidential" on each custom report generated from "Searcher," Korn/Ferry's "highly
12 confidential and proprietary database of executives and companies." *See id.*, ¶¶ 6, 11.

## LEGAL STANDARDS

14       The Federal Rules of Criminal Procedure provide that an indictment shall contain a
15 "plain, concise, and definite written statement of the essential facts constituting the offense
16 charged." Fed. R. Crim. P. 7(c)(1). In order to be legally sufficient, an indictment must contain
17 the elements of the offense charged, fairly inform the defendant of the charge, and enable the
18 defendant to plead double jeopardy as a defense to future prosecution for the same offense. *See*
19 *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Fernandez*, 388 F.3d 1199,
20 1217–18 (9th Cir. 2004). In interpreting these pleading requirements, the Ninth Circuit has long
21 held that the indictment need not specify the theories or evidence upon which the government
22 will rely to prove those facts, nor need it specify the exact manner in which a defendant
23 committed, or assisted in committing, the offense. *United States v. Jenkins*, 884 F.2d 433,
24 438–39 (9th Cir. 1989); *see also Carbo v. United States*, 314 F.2d 718, 733 (9th Cir. 1964) ("It is
25 not necessary to plead such evidentiary detail."). More specifically, the Ninth Circuit has held
26 that an indictment

27     will withstand a motion to dismiss if it contains the elements of the charged
    offense in sufficient detail (1) to enable the defendant to prepare his defense;
28     (2) to ensure him that he is being prosecuted on the basis of the facts presented to

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]        -3-

    the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.

*United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quotation omitted); *see also United States v. Albers*, 56 F.3d 1106, 1111 (9th Cir. 1995) (quotation omitted) ("An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." ). Under Ninth Circuit law, an indictment need do little more than track the language of the statute, include "implied, necessary elements, not present in the statutory language," and state the approximate time and place of the alleged crime. *See United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995); *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981). In cases where the indictment "tracks the words of the statute charging the offense," the indictment will be sufficient "so long as the words unambiguously set forth all elements necessary to constitute the offense." *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989) (quotation omitted).

    Under this liberal pleading standard, "[d]ismissal of an indictment is considered a 'drastic step' and is generally disfavored as a remedy." *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (quoting *United States v. Rogers*, 751 F.2d 1074 (9th Cir. 1985)). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the court is bound by the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). In applying that principle, the Ninth Circuit has made clear that the "indictment must be read in its entirety and construed in accord with common sense and practicality." *Albers*, 56 F.3d at 1111.[1]

---

[1] The Indictment is pleaded in the conjunctive, in that it charges the defendant David Nosal with accessing Korn/Ferry's computer system without authorization *and* in excess of authorized access. Where a statute may be violated by multiple means, the government may charge the statutory alternatives in the conjunctive (*i.e.*, using the word "and"). In other words, where the statute says "or" the indictment may be pleaded as "and" and may be proven as "or." *See United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009) ("'When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive (continued...)

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]    -4-

**ARGUMENT**

**I.     COUNTS TWO THROUGH NINE PROPERLY STATE AN OFFENSE.**

Counts Two through Nine of the Indictment track the words of the statute and set forth all of the elements of the offense charged. The charging statute provides, in relevant part:

> Whoever . . . knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value [is guilty of a crime];

18 U.S.C. § 1030(a)(4). Tracking this language, Counts Two through Nine allege that Nosal

> did knowingly and with intent to defraud access a protected computer belonging to Korn/Ferry, without authorization and by exceeding authorized access, and by means of such conduct did further the intended fraud and obtain something of value, to wit, source lists and other information belonging to Korn/Ferry.

The language of Counts Two through Nine also tracks that of the Ninth Circuit's Model Criminal Jury Instruction for § 1030(a)(4) offenses. The Model Instruction is set forth below, with the allegations of the Indictment emphasized in bold:

> First, **the defendant knowingly [accessed without authorization] [exceeded authorized access of] a computer** [that was exclusively for the use of a financial institution or the United States government] [that was not exclusively for the use of a financial institution or the United States government, but the defendant's access affected the computer's use by or for the financial institution or the United States government] [**used in interstate or foreign commerce or communication**] [located outside the United States but using it in a manner that affected interstate or foreign commerce or communication of the United States];
>
> Second, **the defendant did so with the intent to defraud**;
>
> Third, **by [accessing the computer without authorization] [exceeding authorized access to the computer], the defendant furthered the intended fraud**; [and]
>
> Fourth, **the defendant by [accessing the computer without authorization]**

---

[1](...continued)
in one count and proof of any of those acts conjunctively charged may establish guilt.'") (quoting *United States v. Urrutia*, 897 F.2d 430 (9th Cir. 1990)). This format is provided for and encouraged by Rule 7. *See* Fed. R. Crim. P. 7(c)(1) (stating that government may allege that "the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means").

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]          -5-

> [exceeding authorized access to the computer] obtained anything of value . . . .

9th Cir. Model Crim. Jury Instr., § 8.81 (2004 rev.).

Under current Ninth Circuit precedent, the Indictment is plainly sufficient to withstand challenge. Simply put, and as demonstrated above, Counts Two through Nine "unambiguously set forth all [the] elements" of § 1030(a)(4). *Fitzgerald*, 882 F.2d at 399. Therefore, the Indictment contains the appropriate statutory language that the Ninth Circuit has deemed sufficient to withstand challenge. *See id.* Indeed, the Indictment goes beyond the minimum pleading requirements: it contains allegations specifying that Korn/Ferry employees who accessed the "Searcher" database were advised that they needed "specific authority to access any Korn/Ferry system or information," Indictment, ¶ 11, and alleges that all employees entered into agreements explaining that the information was to be used only for legitimate Korn/Ferry business, *id.*, ¶ 10. Moreover, the Indictment (1) identifies the particular computer system that was accessed; (2) identifies the particular log-in credentials that were used in each instance; (3) incorporates more detailed allegations regarding the defendant and the alleged conspirators, the computer system at issue, and Korn/Ferry; and (4) generally describes the items that were obtained without appropriate authorization. All of this plainly satisfies the requirement that the Indictment "fairly inform[ the] defendant of the charge against which he must defend." *Hamling*, 418 U.S. at 117. Accordingly, the Court should deny the defendant's request to reconsider its denial of his motion to dismiss.

II.  ***LVRC HOLDINGS LLC V. BREKKA*** **DOES NOT SUPPORT DISMISSAL OF COUNTS TWO THROUGH NINE.**

The defendant resists this straightforward, common-sense application of Rule 7(c) — and governing precedent — by arguing that the Ninth Circuit's recent decision in *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009), compels dismissal of the Indictment. Specifically, defendant asserts "[t]he Ninth Circuit held [in *Brekka*] that when an employee uses a valid password to access company data, he does not use a computer 'without authorization' or 'in excess of authorized access' — even if he does so for self-serving or nefarious purposes." Def's

Mtn., at 4. Defendant goes on to claim that Counts Two through Nine "do not allege any sort of hacking — they do not allege that Mr. Nosal or a coconspirator accessed some computer that they had no permission to access for any purpose. Nor do they allege that Mr. Nosal or a coconspirator accessed information that the had no right to access." Def's Mtn., at 5. Defendant concludes that Counts Two through Nine should be dismissed because they "do not allege access without authorization or in excess of authorization as those terms have been interpreted by the Ninth Circuit." Def's Mtn, at 6. The Defendant's reliance on *Brekka* is misplaced.

*Brekka* involved a summary judgment motion in a civil lawsuit filed by an employer — LVRC Holdings — against its former employee — Brekka (the named defendant). The undisputed facts on summary judgment included the following: Brekka was authorized to access the company's computer system while employed; in the course of his employment, Brekka emailed documents on the company's system to himself; LVRC had no employment agreement with Brekka and no company policies prevented Brekka from emailing documents from the company's computers to himself. Brekka subsequently entered into negotiations for an ownership interest in LVRC Holdings; after those negotiations broke down, Brekka left the company; someone using Brekka's username and password continued to log on to the company's system after Brekka left the company. *See Brekka*, 581 F.3d at 1127–30.

In the absence of any employment agreement or express company policy limiting the scope of Brekka's authorization to access the company's computer system and email documents to himself, LVRC asked the Court to adopt the Seventh Circuit's holding in *International Airport Centers, L.L.C. v. Citrin*, 440 F.3d 418, 420–21 (7th Cir. 2006) — that an employee loses authorization to use a company computer under the CFAA by accessing the employer's information for improper purposes or by breaching his duty of loyalty by acting contrary to the employer's interest. *See Brekka*, 581 F.3d at 1133–34. The Ninth Circuit rejected this approach, holding instead that an employee with permission to use a company computer remains authorized to use the computer unless and until the permission is rescinded. *Id.* at 1135. Similarly, with respect to the "exceeding authorized access" prong of the statute, the Court held that "nothing in the CFAA suggests that a defendant's authorization to obtain information stored in a company

computer is 'exceeded' if the defendant breaches a state law duty of loyalty to an employer." *Id.* at 1135, n.7. However, the *Brekka* Court did accept that, with respect to the "exceeding authorized access" prong of the statute, "an individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has 'exceed[ed] authorized access.'" *See id.* at 1133.

*Brekka* is distinguishable from the present case in two significant ways.

*First*, unlike the civil allegations in *Brekka*, the Indictment in this case does not rely on state law duties of loyalty to establish the scope of authorized access. Rather, even assuming that such allegations were necessary (as set forth in Section I, *supra*, they are not), the Indictment can be fairly read to allege that the defendant and his conspirators were not authorized to access Korn/Ferry's computer system, or exceeded authorized access, by violating the explicit limitations on the access to and use of information contained on Korn/Ferry's computer systems as evidenced in employment agreements, employer policies, and specific banners. As set forth above, the Indictment clearly alleges that all employees who accessed the Searcher database were advised that they needed "specific authorization" even to access "any Korn/Ferry system" and that any use of Korn/Ferry information was restricted to "legitimate Korn/Ferry business." Indictment, ¶¶ 10–11. The Indictment also clearly alleges that it was part of the scheme to obtain information from Korn/Ferry's databases, not for legitimate Korn/Ferry business, but in order to further Nosal's competing business. *See id.*, ¶¶ 14–18. Thus — contrary to defendant's conclusory assertions — the Indictment does allege in a clear and concise manner that the defendant was part of a scheme with others to access Korn/Ferry's computer systems in violation of 18 U.S.C. §§ 1030(a)(4) and 2.

Even under *Brekka*, a violation of the CFAA may be established where an employer has expressly limited the scope of employees' access to a company computer by, for example, providing policies limiting employees' authorization to access company information and specifying the purposes for which such information may be accessed. *See Brekka*, 581 F.3d at 1133 ("[A]n individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has 'exceed[ed] authorized

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]    -8-

access.'"). *Brekka* recognizes that, as the owner of the computer systems and the information stored therein, the employer is in a position to define the extent to which employees are "authorized" to access those computers. Indeed, any other reading would render the "exceeding authorized access" prong of the statute essentially meaningless.[2]

*Second*, the Ninth Circuit in *Brekka* expressly recognized that a former employee who accesses a company's computers after the termination of their employment could face criminal liability under the CFAA. *See id.* at 1136 ("There is no dispute that if Brekka accessed LVRC's information on [LVRC's protected] website after he left the company in September 2003, Brekka would have accessed a protected computer 'without authorization' for purposes of the CFAA."). Although the court found that there was insufficient evidence in that case to prove that the employee had, in fact, accessed the computer following his termination, the Ninth Circuit's decision does not affect the general viability of such a claim. In this case, the Indictment alleges that at least three individuals (Nosal, Christian, and M.J.) accessed Korn/Ferry's computer system (either directly or through others) after the termination of their employment for the purpose of obtaining information unrelated to any work on behalf of Korn/Ferry. Even under *Brekka*, this factual situation gives rise to liability under the CFAA.

Accordingly, while *Brekka* narrows the application of the CFAA, *Brekka* has limited

---

[2] Not only is this reading consistent with *Brekka*, it is consistent with the holdings of other courts of appeals, which decisions were cited in the United States' initial Response to Nosal's motion to dismiss. *See United States v. Phillips*, 477 F.3d 215, 219–21 (5th Cir. 2007) (holding that evidence was sufficient to find defendant guilty of "unauthorized access" where he violated university's "acceptable use" computer policy and accessed portions of computer system he was not authorized to access under policy); *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 583–84 (1st Cir. 2001) (holding that employee could be found to have exceeded authorization to obtain information from former employer's website where, in violation of confidentiality agreement, he used confidential information obtained as an employee to create program that enabled his new company to more efficiently obtain information from that website); *United States v. Morris*, 928 F.2d 504, 510 (2d Cir. 1991) (finding that defendant had gained "unauthorized access" to computers on Internet because he did not use features of computer to which he did have access "in any way related to [those features'] intended function"). Notably, none of these decisions relied upon state agency law or common law duties of loyalty in finding criminal liability under the CFAA.

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]          -9-

1  applicability to cases where, as here, the employer has specifically defined the extent of an
2  employee's authorization to access the computer system and where, as here, employees access a
3  former employer's computer system after the termination of their employment.

4
5  ### III. THE FEDERAL RULES OF CRIMINAL PROCEDURE DO NOT PROVIDE FOR A PRETRIAL DETERMINATION OF THE SUFFICIENCY OF THE EVIDENCE.

6  Although couched in terms of a challenge to the sufficiency of the *allegations in the*
7  *Indictment*, the defendant's motion is essentially premised on the argument that there are *no set*
8  *of facts upon which a jury at trial could find him guilty* of accessing Korn/Ferry's computer
9  system "without authorization" or "in excess of authorized access."  To the extent that it asks this
10 Court to make a pre-trial determination of the sufficiency of the evidence, the motion must be
11 denied.

12 Motions to dismiss under Federal Rule of Criminal Procedure 12(b) are generally
13 appropriate only "to consider such matters as former jeopardy, former conviction, former
14 acquittal, statute of limitations, immunity, [and] lack of jurisdiction." *United States v. Nukida*, 8
15 F.3d 665, 669 (9th Cir. 1993) (quotation omitted).  *But see United States v. Phillips*, 367 F.3d
16 846, 855 & n.25 (9th Cir. 2004) (court may resolve motion to dismiss without " 'invad[ing] the
17 province of the' jury" only if "neither party contest[s] the facts.").  "[A] Rule 12(b) motion to
18 dismiss is not the proper way to raise a factual defense." *Nukida*, 367 F.3d at 669.  Moreover, it
19 is well settled that "[a]n indictment returned by a legally constituted and unbiased grand jury, like
20 an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the
21 charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956); *accord United States*
22 *v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)  ("[T]here is no corollary [to Civil Rule 56] in
23 criminal cases.  The government is entitled to marshal and present its evidence at trial . . . .");
24 *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment
25 procedure in criminal cases.  Nor do the rules provide for a pretrial determination of sufficiency
26 of the evidence.").  In *Costello*, the Supreme Court rejected the notion that criminal defendants
27 should be able "to challenge indictments on the ground that they are not supported by adequate or
28 competent evidence." *Costello*, 350 U.S. at 364.  "The proper procedure for raising [a] challenge

to the sufficiency of the government's evidence . . . is a motion for judgment of acquittal under Rule 29 and not by a pretrial motion to dismiss." *Nukida*, 8 F.3d at 670 (quoting *United States v. Ayarza-Garcia*, 819 F.2d 1043 (11th Cir. 1987)).

In light of these principles, district courts have long rejected defendants' motions to dismiss brought on insufficiency-of-the-evidence grounds. *See, e.g.*, *United States v. Beltran-Hernandez*, 2009 WL 928169, at *2–*4 (N.D. Cal. Apr. 3, 2009) (denying defendant's motion for pre-trial showing by government that pornographic images were "shipped or transported in interstate or foreign commerce"); *United States v. Cleveland*, 1997 WL 527335, at *5 (E.D. La. Apr. 22, 1997) (holding that indictment cannot be challenged on grounds that allegations are not supported by adequate evidence); *United States v. Coiro*, 785 F. Supp. 326, 332 (E.D.N.Y. 1992) ("when a defendant attacks a perjury indictment as deficient with respect to materiality, . . . a simple allegation of materiality [in the indictment] will defeat such a motion for dismissal"); *United States v. Potstada*, 206 F. Supp. 792, 794 (N.D. Cal. 1962) (holding that "materiality is essentially a question of fact" that cannot be determined "on a pre-trial motion to dismiss").

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny the defendant's motion for reconsideration.

DATED: November 2, 2009          Respectfully submitted,

SCOTT N. SCHOOLS
Acting United States Attorney


_____/s/_____
KYLE F. WALDINGER
Assistant United States Attorney


_____/s/_____
JAIKUMAR RAMASWAMY
Trial Attorney

USA'S MEM. IN OPP. TO DEF'S MOTION
TO RECONSIDER [CR 08-0237 MHP]          -11-