United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0237 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART KORN/FERRY'S MOTION ASSERTING VICTIM'S RIGHT TO ATTEND TRIAL** |
| DAVID NOSAL, | |
| Defendant. _____/ | **(Docket No. 371)** |

On March 29, 2013, this Court issued the final pretrial conference order in this matter. Docket No. 352. Included in this order was this Court's ruling granting the government's request to exclude from the courtroom all witnesses other than FBI agents who have worked on this case, and Defendant's expert witness. *Id.* at 10-11. Since that time, Defendant has filed a witness list listing as potential witnesses three attorneys for Korn/Ferry: Mark Robertson, Fram Virjee, and Sharon Bunzel. Docket No. 361. Korn/Ferry now brings a motion arguing that it has the right under the Crime Victim Rights Act ("CVRA") to have representatives of its choice present at the trial. Docket No. 371.

### I. DISCUSSION

The CVRA provides that crime victims have:

> The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

18 U.S.C. § 3771(a)(3). Korn/Ferry argues this provision of the CVRA gives it the right to "designate representatives of its choice to attend the proceedings." While Korn/Ferry cites to a number of cases applying a related victim's rights statute to corporate defendants, it cites to no case interpreting a corporate victim's rights under the relevant provision of the CVRA. Docket No. 371 at 3-4 (citing a number of cases upholding restitution awards to corporate defendants under the Mandatory Victims' Restitution Act, which defines "victim" in a substantially similar way to the CVRA). In particular, Korn/Ferry cites to no law, and this Court could find none, indicating that corporate victims, assuming they have the same rights as humans under the CVRA, have the specific right to designate whomever they choose as a representative to attend the proceedings.

In his response, Defendant offers to refrain from calling as witnesses Sharon Bunzel and Fram Virjee, thus allowing them to be present for the trial. Docket No. 377 at 2. He does indicate, however, that he still intends to subpoena Mark Robertson as a witness, as Mr. Robertson "sent or received nearly a hundred emails concerning Korn Ferry's internal investigation of this matter, a subject which the government intends to place squarely in evidence." *Id.* Korn/Ferry, in a letter submitted to the Court, has indicated that it finds this solution is unacceptable because Mr. Robertson has long been lead counsel on this case, and the other two attorneys are unavailable to attend part or all of the trial.

Korn/Ferry argues that it has an interest in having its attorneys present, and Mr. Robertson in particular, in order to protect its trade secrets from unnecessary public disclosures at trial, and to protect attorney/client privileged communications. The questions of the scope of the trade secrets at issue in this trial, and the measures to be taken to protect those trade secrets at trial, however, have already been addressed through extensive, contested, pre-trial motions and rulings. Given that these issues have largely been settled through pre-trial rulings, Korn/Ferry provides no explanation of why they need not only a representative at the trial, but Mr. Robertson in particular. While Korn/Ferry is permitted to have a representative present at trial, the incremental benefit it might gain from having Mr. Robertson present rather than any other attorney or corporate representative of Korn/Ferry, strongly suggests its assertion of such right under the CVRA is without basis, particularly in view of Korn/Ferry's failure to cite any case authority establishing such a particular right. Moreover, that

incremental benefit claimed by Korn Ferry which this Court finds non-existent or de minimis is outweighed by the danger of prejudicing the Defendant by allowing Mr. Robertson to be present at trial before he is called to offer his testimony in contravention of F.R.E. 615.

## II. CONCLUSION

For the foregoing reasons, Korn/Ferry's motion is **GRANTED** to the degree that Sharon Bunzel and Fram Virjee shall be permitted to be present during trial. This Court **DENIES**, however, Korn/Ferry's motion as to Mark Robertson.

This order disposes of Docket No. 371.

IT IS SO ORDERED.

Dated: April 8, 2013

_____
EDWARD M. CHEN
United States District Judge

3