United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0237 EMC |
| Plaintiff, | |
| v. | **ORDER RE SUFFICIENCY OF INDICTMENT'S EEA ATTEMPT AND CONSPIRACY CHARGES** |
| DAVID NOSAL, | |
| Defendant. | |
| _____/ | |

In his objections to this Court's proposed jury instructions, Defendant renews his objections to the government's conspiracy and attempt instructions. In this Court's order on preliminary jury instructions and as stated on the record during the jury instruction conference held on April 17, 2013, the Court found that impossibility is not a defense to the attempt and conspiracy charges under the Economic Espionage Act ("EEA"). Thus, the Court found that the jury should be instructed that it may convict Defendant of attempt or conspiracy even if it finds that the Korn/Ferry source lists at issue here were not trade secrets, so long as it finds that Defendant firmly believed that the lists were trade secrets. Docket No. 354 at 47-48. Defendant now argues that the indictment did not sufficiently allege that Defendant had a firm belief that the lists were trade secrets, and that to allow attempt and conspiracy instructions on this theory would constitute an impermissible constructive amendment of the indictment.

///

///

///

## I. DISCUSSION

The Supreme Court has held that "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). The purpose for this rule is two-fold.

First, constructively amending an indictment to broaden its scope runs afoul of a defendant's Fifth Amendment rights because it would "allow[] a defendant to be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury that indicted him." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999) (internal quotation marks omitted). The Ninth Circuit has thus found that there is a constructive amendment where "the crime charged is substantially changed at trial, so that it is impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Howick*, 263 F.3d 1056, 1063 (9th Cir. 2001) (internal quotation marks and alterations omitted). And as the Supreme Court has held, the indictment may not be broadened through a constructive amendment. *Stirorne*, 361 U.S. at 215-16.

This concern, however, is not present here. The indictment charges that Defendant knew that the lists were trade secrets. "Knowledge" that the lists are trade secrets necessarily implies a firm belief that they are trade secrets. Hence, the grand jury could not have found sufficient evidence of the mental state of knowledge, without finding sufficient evidence of the mental state of belief. The mens rea required under the government's attempt and conspiracy theory was thus necessarily included in the facts and charges contained in the indictment. By presenting the attempt and conspiracy theories, the government is not broadening the indictment through amendment.[1]

Second, constructive amendments are prohibited because of concerns of notice to a defendant and double jeopardy. The Supreme Court has held that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). A court

---

[1] Rather than broadening, the attempted theft of trade secrets charge is a lesser included offense of the charge of actual theft of trade secrets. Lesser included offenses may by presented to the jury even if not expressly charged. Fed. R. Crim. P. 31(c); *see* Wright, Miller & Cooper, Federal Practice & Procedure: Criminal 4th § 515.

1 may thus find a constructive amendment where the indictment did not contain the elements of the
2 offense, give the defendant proper notice, or where it is not sufficiently specific to avoid double
3 jeopardy concerns.

4     In this case, however, the indictment explicitly charges attempt and conspiracy with regards
5 to the EEA charges; count one explicitly charges conspiracy, and the attempt charges are identified
6 in the summaries of the relevant counts.  The specific statutory provisions for conspiracy and
7 attempt are cited in the indictment as well.  The indictment enumerates all the factual elements of the
8 underlying offense for which attempt is charged.  The indictment gave Defendant notice.  Similarly,
9 the indictment sufficiently identifies all the attempt and conspiracy charges to allow Defendant to
10 raise double jeopardy as a defense in any future prosecution.

11     Defendant's real concern with the government's theory of attempt seems to be that it would
12 allow conviction even if the government is not able to prove that the source lists were trade secrets
13 but is only able to prove that the Defendant firmly believed them to be so.  Defendant essentially
14 argues that the indictment was required to specifically identify that the attempt charges would allow
15 conviction based on Defendant's erroneous belief that the source lists were trade secrets.  That the
16 crime of attempt allows for such a conviction is a consequence of judicial interpretations precluding
17 the defense of impossibility, as this Court earlier ruled.  The Ninth Circuit has recognized that
18 indictments need not include "judicial gloss upon the statutory language" so long as they follow the
19 statutory language and otherwise provide fair notice to the accused of any implied elements of the
20 charge.  *United States v. Renteria*, 557 F.3d 1003, 1006 (9th Cir. 2009).  Defendant points to no
21 authority holding that a judicial interpretation of the crime of attempt under the EEA precluding the
22 impossibility defense and the consequential nuances must be alleged in the indictment.

23     All the charges of attempt and conspiracy are plainly alleged in the complaint.  Defendant
24 was on notice of the nature of the charges.  If he thought it was unclear, he could have asked for a
25 bill of particulars, but he did not do so.  Nor has Defendant demonstrated how he was prejudiced in
26 his preparation and presentation of his defense by the inclusion of the attempt and conspiracy
27 charges that allow a conviction based on his firm belief (as opposed to his knowledge) that the lists
28 were trade secrets.

3

## II. CONCLUSION

For the foregoing reasons, the Court finds that the indictment properly charged Defendant with attempt and conspiracy to commit the EEA violations. The governments's attempt and conspiracy theories do not constitute a constructive amendment to the indictment.

IT IS SO ORDERED.

Dated: April 19, 2013

_____
EDWARD M. CHEN
United States District Judge