STEVEN F. GRUEL (CSBN 213148)
Attorney at Law

315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone Number (415) 989-1253
Fax Number (415) 829-4304
attystevengruel@sbcglobal.net

www.gruellaw.com

Attorney for David Nosal

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      Vs.<br><br>DAVID NOSAL,<br><br>            Defendant. | No. CR-08-0237-EMC<br><br>DEFENDANT DAVID NOSAL'S MOTION FOR *BRADY* MATERIAL REGARDING KORN FERRY INTERNATIONAL'S THEFT OF TRADE SECRETS<br><br>-and-<br><br>REQUEST FOR EVIDENTIARY HEARING<br><br>Honorable Edward M. Chen<br><br>Hearing Date: February 7, 2018<br>Time: 2:30 pm |

Defendant, David Nosal, by and through his attorney, Steven F. Gruel, hereby submits this DEFENDANT DAVID NOSAL'S MOTION FOR BRADY MATERIAL REGARDING KORN FERRY INTERNATIONAL'S THEFT OF TRADE SECRETS and REQUEST FOR AN EVIDENTIARY HEARING.

STATEMENT OF FACTS

On January 8, 2014, Mr. Nosal was sentenced.  At sentencing, two federal prosecutors urged the Court to use Nosal's sentence to send a message to the community that illegal conduct consisting of trade secret theft would not be tolerated.  A custodial sentence for Mr. Nosal, as one prosecutor observed, would ring like a "bell" warning that this conduct would not be tolerated.  In describing trade secret theft, another prosecutor plainly put it that "stealing is stealing" whether its cash or data.  If the message of general deterrence was to be effectively delivered, then Nosal, the prosecutors urged, had to go to prison.

Based on the prosecutors' arguments and representations, the Court agreed. Mr. Nosal was sentenced to 12 months and 1 day in federal custody.

The Nosal appeal then went forward.  On July 5, 2016, the Ninth Circuit affirmed the conviction.  Mr. Nosal next petitioned the United States Supreme Court for a Writ of Certiorari. On October 10, 2017, Nosal's petition was denied.

However, on March 29, 2017, while the Nosal Petition to the Supreme Court was pending, a large executive search company named Spencer Stuart (SSI) filed a lawsuit in Chicago, Illinois outlining that Korn Ferry International and two high executives at SSI (Mr. Truc and Mr. Paquet) engaged in a well-orchestrated ruse to steal highly confidential trade secret information from computers belonging to SSI.  *Gruel Declaration; Exhibit A.*   In fact, as alleged by SSI, the valuable trade secrets stolen by Korn Ferry with the ongoing assistance and deception by Truc and Paquet, resulted in Korn Ferry obtaining a "blueprint" for Spencer Stuart's confidential executive searches in the automotive industry, and thus, for how "most effectively to compete and to steal business away from Spencer Stuart."

Given that Mr. Paquet is a citizen of France, SSI filed a similar theft of trade secrets in federal court in the Eastern District of Illinois.   *Gruel Declaration; Exhibit C.*

As outlined in undersigned counsel's supporting declaration, both civil lawsuits quietly settled within months.  Mr. Truc and Mr. Paquet are now Korn Ferry employees.  *Gruel Declaration; Exhibit D.* When contacted by undersigned defense counsel, an attorney for SSI said that because the civil suits were settled with nondisclosure provisions he could not discuss anything about these cases.

On December 20, 2017, defense counsel alerted the government about Korn Ferry's trade secret theft from SSI and the fraudulent scheme of directing two SSI executives to steal data from SSI computers before absconding to their new employer, global giant Korn Ferry.  The government displayed no interest in this information. To the contrary, the government deemed the information irrelevant.

On January 8, 2018, the defense emailed a copy of the SSI lawsuit to the government. Pointing directly to *Brady v. Maryland*, 373 U.S. 83 (1963) the defense requested, via emails to the government, any and all *Brady* material directly pertaining to Korn Ferry and its two conspirators' illegal actions.  Now, directly possessing this information and the SSI complaint against Korn Ferry and Mr. Truc, the government has a duty to investigate for *Brady* material. *Kyles v.  Whitley*, 514 U.S. 419 (1995).

 Although the government apparently located and provided the defense with a copy of the federal lawsuit against Paquet, no further information or material was disclosed. Instead, the government's apparent position is that because Mr. Nosal is convicted, Korn Ferry's recent trade secret thefts from a direct competitor are not relevant.  Plus, the government believes that the Ninth Circuit remand strictly limits it obligations. In short, notwithstanding their previous laudable words for "general deterrence," or that "stealing is stealing," and symbolic "bell" ringing to the business community, the government's reaction to Korn Ferry's blatant disregard of the "message" from the Nosal sentencing is to do nothing.

The government's inaction is simply wrong: it is axiomatic that *Brady* equally applies at the punishment and sentencing phase.  Some prosecutors may think of *Brady* myopically as only addressing evidence that relates to whether a defendant is guilty and, consequently, once a defendant has been convicted there cannot by definition be any *Brady* material.  *Brady and Sentencing*, National Law Journal, October 27, 2008. *Gruel Declaration; Exhibit I.*  One of the oft-overlooked aspects of *Brady* is that the decision expressly extends the government's disclosure obligation to the sentencing phase in addition to the guilt phase of criminal proceedings.  *Brady*, 373 U.S. at 87.  Id.

Given the backdrop of this case, including Mr. Nosal's Petition for Writ of Error *Corum Nobis* along with the Declaration of Steven Gruel, the defense respectfully requests that the Court order the government to investigate and provide to the defense all *Brady* material pertaining to Korn Ferry's theft of trade secrets from Spencer Stuart.  In light of the obvious parallels between Mr. Nosal's case and the Korn Ferry – Spencer Stuart case, this *Brady* request should produce material which will undoubtedly have profound relevance and impact on the Court's custodial sentence and restitution order.

## ARGUMENT

*"Compliance with discovery obligations is important for a number of reasons. First and foremost, however, such compliance will facilitate a fair and just result in every case, which is the Department's singular goal in pursuing a criminal prosecution"*

United States Attorney's Manual; Section 165 - Guidance for Prosecutors
  Regarding Criminal Discovery

The Department of Justice's singular goal expressed above remains true even at this stage in the Nosal case.  The government, despite the goal expressed in its own manual, has taken the position that it is not in possession of any *Brady* information that has not already been disclosed to the defense regarding the conviction in this case and that material related to the Korn Ferry

theft is irrelevant.  Likewise, the government pointing to the Ninth Circuit's remand, uses it as a further deflection from its *Brady* obligation.

However, a "fair and just result" in the Nosal case demands departure from the government's "myopic" approach to its *Brady* obligation. In conjunction with his Petition for Writ of Error *Corum Nobis*, Mr. Nosal respectfully requests disclosure of the following *Brady* material in order that the Court and the defense may fully evaluate Korn Ferry's illegal actions so as then compose a truly fair sentence.

Given the obvious similarities between Mr. Nosal's case and Korn Ferry's scheme with SSI's executives' (Truc and Paquet) "fairness" demands immediate disclosure of the following basic examples of *Brady* material in this case:

1.  When did the government first learn of Korn Ferry's trade secret theft from SSI and what actions or investigations did the FBI, the United States Justice Department, the United States Attorney's Offices in the Northern District of California or the Eastern District of Illinois pursue as a result of learning of the scheme to steal by Korn Ferry, Mr. Truc and Mr. Paquet;

2.  Did the FBI or any other state or federal law enforcement agency investigate the theft of SSI trade secrets from Korn Ferry, Truc and Paquet?  If not, why not?

3.  Was a request for prosecution of Korn Ferry, Mr. Truc or Mr. Paquet presented to any State or Federal prosecuting office?

4.  Has anyone from Korn Ferry, Spencer Stuart, Mr. Truc or Mr. Paquet been interviewed by law enforcement regarding the allegations outlined in the Korn Ferry, Truc and Paquet complaints? If not, why not?

5.  Was O'Melveny & Myers LLP involved in representing Korn Ferry, Mr. Truc or Mr. Paquet in the civil litigation that resulted from the trade secret theft described in the SSI complaints?

6.  What are the terms of the confidential settlements with Korn Ferry, Mr. Truc, and Mr. Paquet reached in both civil lawsuits involving trade secret theft from Spencer Stuart?

*DEFENDANT DAVID NOSAL'S MOTION FOR BRADY MATERIAL*
*REGARDING KORN FERRY INTERNATIONAL'S THEFT OF TRADE SECRETS*

The above examples constitute the first step in fully learning the impact of the Korn Ferry trade secret thefts to this case.  Depending on the *Brady* material disclosed or if the government continues to refuse to comply with Brady, a subsequent evidentiary hearing may be necessary. In either event, the defense may need additional time to review the materials in order to effectively present argument to the Court.

<u>CONCLUSION</u>

In our system of justice, striving for "fairness" does not end simply with the passage of time. Thomas Jefferson once observed that "*It is reasonable that everyone who asks Justice should do Justice.*"  In this case, it is nothing less than outrageous that Korn Ferry, given its longtime role in this case, ignored this Court's message of general deterrence and stole trade secrets from its longtime competitor.  It would be equally outrageous to send Mr. Nosal to federal prison upon full consideration of Korn Ferry's egregious actions.

DATED:  January 17, 2017          __/s/_____
                              STEVEN F. GRUEL
                              Attorney for David Nosal

*DEFENDANT DAVID NOSAL'S MOTION FOR BRADY MATERIAL*
*REGARDING KORN FERRY INTERNATIONAL'S THEFT OF TRADE SECRETS*