United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID NOSAL,<br><br>Defendant. | Case No. 08-cr-00237-EMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SHORTEN TIME AND DENYING DEFENDANT'S MOTION FOR RELEASE ON BAIL PENDING APPEAL**<br><br>Docket Nos. 650-51 |

On March 8, 2018, for reasons stated on the record, the Court denied Defendant David Nosal's petition for a writ of error coram nobis, as well as his related *Brady* motion, and ordered Mr. Nosal to self-surrender for his custodial sentence on March 14, 2018. *See* Docket No. 649 (minutes). The following day, Mr. Nosal filed a motion for release on bail pending appeal of the Court's March 8 order. Mr. Nosal asked that the motion be heard on shortened time given the self-surrender date of March 14.

Given the timing of events, the Court **GRANTS** Mr. Nosal's motion to shorten time; however, it **DENIES** his motion for release on bail pending appeal.

The parties agree that the governing legal standard for Mr. Nosal's motion for release on bail pending appeal is 18 U.S.C. § 3143(b). Even if the Court assumes, in Mr. Nosal's favor, that "the appeal is not for the purpose of delay," he has failed to raise "a substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). "[A] substantial question is one that is fairly debatable or fairly doubtful" – "one of more substance that would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal quotation marks omitted). As the government argues, here, it is not fairly debatable that a sentence should be vacated or otherwise altered by way of coram nobis or any residuary authority under the All Writs Act "based

on mere *alleged* conduct committed by a victim *years* after the defendant's offense conduct," conduct which had no relationship with defendant. Opp'n at 4 (emphasis added). Mr. Nosal failed to cite any applicable authority for his assertion.

In his papers, Mr. Nosal protests that, if the Court denies his motion, "it will be a de facto denial of his right to appeal this issue because he is highly unlikely to be able to adjudicate these issues on appeal before serving out most or all of his sentence." Reply at 7; *see also* Mot. at 7 (arguing that, "[i]f Nosal is sent to prison during his appeal, it will completely undermine the entire point of his argument"). However, § 3143(b) contemplates this timing issue raised by Mr. Nosal, and, nevertheless, still requires in the first instance that there be a substantial question of law or fact. *See* 18 U.S.C. § 3143(b)(1)(B)(iii)-(iv) (providing for release pending appeal when the appeal "raises a substantial question of law or fact likely to result in . . . a sentence that does not include a term of imprisonment, or . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process").

Accordingly, Mr. Nosal's motion for release on bail pending appeal is denied.

This order disposes of Docket Nos. 650 and 651.

**IT IS SO ORDERED**.

Dated: March 13, 2018

_____
EDWARD M. CHEN
United States District Judge